UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                                       DECISION AND ORDER

                                                                        14-CR-6048L

                              v.

CHRISTOPHER WHEELER,

                              Defendant.
_____

       Defendant Christopher Wheeler ("Wheeler") pleaded guilty to a three-count Information charging him with failing to file federal income tax returns (26 U.S.C. § 7203) for the calendar years 2007, 2008 and 2009. The Information and the thorough Presentence Report (Dkt. #18) established that during that period, Wheeler had almost 12 million dollars of income.

       The United States Probation Office determined that based on a Criminal History I and an Offense Level of 21, the Guideline range would be 36 months, if the sentences on each count ran consecutively. Wheeler appeared for sentencing on November 18, 2014 and was sentenced to ten months concurrent sentences on each count, a one-year term of supervised release, a $25 penalty assessment on each count, and a fine of $7,500 on Count 1. At his counsel's request, the Court granted Wheeler the opportunity to self-surrender. No appeal was filed and Wheeler, as directed,

did self-surrender to the United States Penitentiary Canaan in Waymart, Pennsylvania, on January 2, 2015.

Now, pending before the Court is a motion for relief pursuant to 28 U.S.C. § 2255 filed by new counsel claiming that Wheeler's counsel at sentencing provided ineffective assistance of counsel.

Although sentencing occurred on November 18, 2014, the present motion was not made until 4:15 p.m., New Year's Eve, December 31, 2014, approximately six weeks subsequent to sentencing and was filed on the last business day of the year prior to Wheeler's scheduled self-surrender. Although present counsel's motion sought proceedings on an "expedited basis," counsel's motion was filed at such a late date to make that virtually impossible.

Although new counsel characterizes this as a motion under § 2255, it really is tantamount to a request of this Court to "re-sentence Mr. Wheeler to probation." Wheeler does not seek to vacate the plea. The fact that Wheeler may be unhappy with the rather modest sentence imposed, provides no basis for this Court to conduct re-sentencing. In fact, there is no authority to do so. The defendant's present motion (Dkt. #22) is in all respects denied.

DISCUSSION

The facts in this case are fairly straightforward. Wheeler had almost 12 million dollars of income over three years and neglected or failed to file tax returns. He was charged with three separate misdemeanors and his Guideline range was 36 months. After considering all the matters under 18 U.S.C. § 3553(a), I determined to impose the modest ten-month sentence which was well below the Guideline range and imposed the relatively modest fine of $7,500 which was also well

below the recommended Guideline range.  The sentence could have been much more severe, especially considering the sophistication and knowledge of Wheeler coupled with the very large income earned during the relevant years.

The motion is ostensibly brought claiming that prior counsel provided ineffective assistance of counsel.  I note that there were no complaints whatsoever at the time of the sentencing from Wheeler and, in fact, he admitted during sentencing proceedings that he had no objections to the Presentence Report.   In fact, prior counsel and Wheeler appeared to have worked amicably together for some time to resolve the matters pending before the Court. The Presentence Report was typically thorough and set forth the tax loss and the Guidelines.   Also enclosed in the report was a detailed letter from Wheeler himself.

I find no basis to vacate the Judgment and "resentence" Wheeler based on the grounds raised here.   Wheeler now claims, for the first time, ineffective assistance of prior counsel, but has failed to establish the necessary requirements of such a claim.

"An appellant raising an ineffective assistance claim must meet the requirements of *Strickland v. Washington*, 466 U.S. 668 (1984), which requires a convicted defendant to: (i) show that counsel's performance was objectively unreasonable and (ii) 'affirmatively prove prejudice' from said performance."  *United States v. Gonzalez*, 764 F.3d 159, 169 (2d Cir. 2014) (internal citations omitted).  In considering the first element, the Court must "strongly presume[] [that counsel] rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011).   In order to establish the second element, the appellant "must show that there is a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. 668 at 694. A "reasonable probability" is one that is "sufficient to undermine confidence in the outcome" – a "'substantial,' not just 'conceivable,' likelihood of a different result." *Pinholster*, 131 S. Ct. 1388 at 1403 (*quoting Harrington v. Richter*, 131 S. Ct. 770, 791 (2011)).

Wheeler has failed to establish that prior counsel's performance was unreasonable; nor has he demonstrated that the result of the proceeding might have been different had prior counsel acted in a different manner.

Former counsel provided a thorough memo relative to sentencing and discussed many factors for the Court to consider in determining the appropriate sentence. Counsel raised issues as to whether the amount of tax loss really was an appropriate measure in a failure-to-file case as opposed to an evasion case. He also discussed the toll, both the federal criminal investigation and the Securities and Exchange Commission ("SEC") investigation had on Wheeler and his family. Counsel discussed the stress on Wheeler but pointed out that he had not lapsed into alcohol abuse. Counsel painted defendant as a sensitive, caring individual which traits were mirrored in the thirty-one letters of support and recommendation that counsel supplied to the Court. Counsel also emphasized a letter from Wheeler's sponsor at Alcohol Anonymous who had worked with Wheeler for over a decade. In these matters, counsel certainly acted objectively reasonable in preparing for sentencing.

The Court did make several pointed comments to Wheeler prior to announcing the sentence while declining defense counsel's request for probation. In essence, the Court did not

4

accept Wheeler's rationalization for not filing the returns. Wheeler's statement to the Court that it was his "perfectionist attitude" that caused him to fail to file his taxes, and that public statement was consistent with Wheeler's written statement attached to the Presentence Report at ¶ 28. As part of that lengthy letter, Wheeler claimed that he was "terrified" that if he told an accountant that he did not file taxes, he would be "ridiculed." To be blunt, the Court did not buy the explanation and found it not to be credible. Rather, as I suggested at the time of sentencing, the real reason may have been that if Wheeler had disclosed all of his income, it may well have unearthed the significant fraud orchestrated by Wheeler during the same period as reflected in the SEC's proceedings and the judgment filed in favor of the SEC for ill-gotten gains and penalties, totaling 6.7 million dollars as referenced at ¶ 50 of the Presentence Report.

New counsel's present motion is nothing more than an effort to re-argue sentencing for a defendant who seems to feel he was entitled to receive probation. Regardless of that feeling, though, there is no basis to take any action based on new counsel's present claim that prior counsel provided ineffective assistance. Much of what present counsel sets forth in the motion is tantamount to a sentencing memorandum seeking leniency, as well as counsel's opinion that a sentence of probation would have been more appropriate. None of the matters raised by counsel here would have changed the outcome based on all the facts in this case, especially the statements and rationale given by Wheeler for his actions.

I specifically find that Wheeler has failed to establish either prong of the *Strickland* test for determining claims of ineffective assistance and, furthermore, I find no legal authority to re-sentence Wheeler and, even if there were such authority, I find no facts that warrant such relief.

CONCLUSION

The motion (Dkt. #22) pursuant to 28 U.S.C. § 2255; § 1651(a) seeking relief for ineffective assistance of counsel is in all respects denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 14, 2015.